## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

```
---------------------------------------------------------X
                                         :
IN RE STATE STREET BANK AND TRUST        :
CO. ERISA LITIGATION                     :
                                         :        07 Civ. 8488 (RJH)
This document relates to:                :
                                         :
08 Civ. 0265                             :
                                         :
---------------------------------------------------------X
```

### DEFENDANTS STATE STREET BANK AND TRUST COMPANY AND
### STATE STREET GLOBAL ADVISOR INC.'S ANSWER TO
### PLAINTIFFS' AMENDED CLASS ACTION COMPLAINT

Defendants State Street Bank and Trust Company ("SSBT") and State Street Global

Advisors, Inc. (collectively, "State Street") for their Answer to Plaintiffs' Amended Class Action

Complaint dated February 4, 2008 ("Complaint"), hereby state as follows:

1.        State Street admits that it offered the Bond Market Non-Lending Fund ("Bond

Market Fund") under a collective bank trust and that assets of ERISA-qualified plans associated

with the Nashua Corporation ("Nashua") and identified in the Complaint (collectively, the

"Nashua Plan") were invested in the Bond Market Fund.  The remaining allegations of paragraph

numbered 1 constitute legal conclusions to which no answer is required, but to the extent an

answer is required, denied, and State Street specifically denies the allegation that "potentially

thousands of ERISA plans" invested in State Street's actively managed fixed income funds.

2.        State Street says that the quoted statements in the second and third sentences of

paragraph numbered 2 come from written documents that speak for themselves, admits that

certain active fixed income funds that it manages were designed to match or exceed designated

bond market indices, and otherwise denies the remaining allegations of paragraph numbered 2

and specifically denies the implication that the active fixed income funds that State Street

manages were uniformly invested or had the same investment objectives.

3.       State Street denies that any active fixed income funds managed by State Street other than a single fund had 95% exposure to "investments in subprime mortgages," and specifically denies that the Bond Market Fund, in which the Nashua Plan actually invested, had such exposure.  State Street admits that certain active fixed income funds that it manages invested derivatives and in a manner that some have described as "leveraged," but denies that in the context of portfolio management, financial or "notional" leverage necessarily constitutes a meaningful measure of risk, and further denies the implication that its funds were uniformly invested.  State Street further objects to plaintiffs' use of the term "summer of 2007" as vague and states that during the third quarter of 2007, certain active fixed income funds that State Street manages performed below their benchmark indices.  With respect to plaintiffs' allegations concerning the performance of the Bond Market Fund, State Street says that any representations concerning the "divergence risk for the Bond Market Fund" come from a written document that speaks for itself and is otherwise without information or knowledge sufficient to form a belief as to plaintiffs' allegations concerning "divergence risk," admits that from the beginning of the third quarter of 2007 through the date when the Nashua Plan terminated its investment in the Bond Market Fund, the Bond Market Fund experienced as much as a 15% loss, but says that during the same period, the Lehman Aggregate Bond Index experienced a gain of 2.07%, not 2.96%.  State Street otherwise denies the remaining allegations of paragraph numbered 3.

4.       Denied.

5.       State Street is without information or knowledge sufficient to form a belief as to the allegations in footnote 2 of the Complaint and further says that the allegations of paragraph numbered 5 constitute legal conclusions and characterizations of plaintiffs' claims to which no

answer is required, but to the extent an answer is required, denied, and State Street specifically denies the allegation that the plans referenced in paragraph numbered 5 were affected by State Street's conduct in the same manner.

6.     The allegations in paragraph numbered 8 constitute legal conclusions and characterizations of plaintiffs' claims to which no answer is required, but to the extent an answer is required, denied, and State Street specifically denies that there is any basis for a class action here, and thus denies any "Class Period."

7.     State Street admits that some of the information and documents on which plaintiffs' claims are based are in State Street's possession, but says that the remaining allegations in paragraph numbered 7 are not factual allegations and therefore no answer is required, but to the extent an answer is required, denied.

8.     The allegations in paragraph numbered 8 constitute legal conclusions to which no answer is required.

9.     The allegations in paragraph numbered 9 constitute legal conclusions to which no answer is required, except to say that this action should be transferred to the District of Massachusetts, where plaintiffs originally filed suit.

10.     State Street is without information or knowledge sufficient to form a belief as to the first fives sentence of paragraph numbered 10, except that State Street admits that plaintiffs have discretionary authority and control over, and fiduciary responsibility for, the Nashua retirement plans referenced in paragraph numbered 10 and their assets, and further admits that Nashua is headquartered in Nashua, New Hampshire.  The allegations in the sixth sentence of paragraph numbered 10 constitute legal conclusions to which no answer is required, but to the extent an answer is required, denied.  As to the final two sentences of paragraph numbered 10,

State Street admits that the Nashua Corporation Pension Plan Committee ("the Committee") invested certain assets in the Bond Market Fund, says that an agreement was entered into by SSBT and Nashua in 1997, which is written and speaks for itself, and otherwise denies the remaining allegations of paragraph numbered 10.

11.     State Street says that SSBT is a chartered Massachusetts trust company with its principal place of business in Boston, Massachusetts, which maintains an office in New York and otherwise denies the allegations of paragraph numbered 11.

12.     State Street says that named defendant State Street Global Advisors, Inc., is a wholly-owned subsidiary of State Street Corporation that has no connection to the allegations of the Complaint, and further says that State Street Global Advisors ("SSgA"), the investment management division of SSBT, is not the same as State Street Global Advisors, Inc., and is not a separate legal entity, but rather a division of SSBT.  State Street further says that SSgA is located in Boston, Massachusetts and has $2.0 trillion in assets under management and otherwise denies the remaining allegations of paragraph numbered 12.

13.     Paragraph numbered 13 contains no factual allegations and therefore no answer is required.

14.     The allegations in paragraph numbered 14 constitute legal conclusions or characterizations of plaintiffs' claims to which no answer is required, but to the extent an answer is required, denied, and State Street specifically denies the implication that the active fixed income funds that it manages were uniformly invested in the same financial instruments, or with the same allocations in those financial instruments.  State Street further says that no active fixed income fund that it manages is denominated the Core Intermediate Credit Bond Fund, and specifically denies that there is any basis for a class action here.

15.    The allegations in paragraph numbered 15 constitute legal conclusions or characterizations of plaintiffs' claims to which no answer is required, but to the extent an answer is required, denied, and State Street specifically denies that there is any basis for a class action here.

16.    The allegations in paragraph numbered 16 constitute legal conclusions or characterizations of plaintiffs' claims to which no answer is required, but to the extent an answer is required, denied, and State Street specifically denies the implication that the active fixed income funds it manages are uniformly invested or managed, and specifically denies that there is any basis for a class action here.

17-22.  The allegations in paragraphs numbered 17 through 22 constitute legal conclusions or characterizations of plaintiffs' claims to which no answers are required, but to the extent answers are required, denied, and State Street specifically denies that there is any basis for a class action here.

23.    Admitted.

24.    The Trust Declaration referenced in paragraph numbered 24 is written and speaks for itself, and State Street otherwise denies the remaining allegations of paragraph numbered 24.

25.    The Trust Declaration and its terms referenced in paragraph numbered 25 are written and speak for themselves, and State Street otherwise denies the remaining allegations of paragraph numbered 25.

26.    State Street says that on or about May 13, 1997, SSBT and Nashua Corporation entered into an Investment Management Agreement (the "IMA"), which is written and speaks for itself.

27.    The IMA and Amended Fund Declaration referenced in paragraph 27 are written and speak for themselves, and State Street otherwise denies the allegations of paragraph numbered 27.

28.    The IMA is a written document that speaks for itself, and State Street otherwise denies the remaining allegations of paragraph numbered 28.

29.    The allegations in paragraph numbered 29 constitute legal conclusions to which no answer is required, but to the extent an answer is required, denied.

30.    State Street says that the Plan Documents for the Plan are written and therefore speak for themselves, and otherwise is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph numbered 30.

31.    State Street says that the agreements between State Street and other ERISA-qualified funds are written and therefore speak for themselves, and otherwise denies the allegations of paragraph numbered 31.

32.    State Street is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph numbered 32, admits that millions of dollars were invested in State Street's active fixed income funds, and otherwise denies the remaining allegations of paragraph numbered 32.

33.    Denied.

34.    State Street says that its individual actively managed fixed income funds pooled assets within each specific fund, but that each actively managed fixed income fund was separate and had its own funds and investment strategy, and otherwise denies the remaining allegations of paragraph numbered 34 and specifically denies that the various active fixed income funds that it manages were collectively or uniformly invested or managed.

35.     State Street says that the quoted language comes from written documents that speak for themselves, admits that certain State Street fixed income funds were designed to "'exceed relevant benchmark returns'" through active management, and otherwise denies the allegations of paragraph numbered 35, and specifically denies the implication that its various active fixed income funds were uniformly invested or managed.

36.     State Street says that the December 22, 1998 presentation quoted in paragraph numbered 36 purports to be a written document that speaks for itself and is otherwise without information or knowledge sufficient to form a belief as to truth of the allegations in paragraph numbered 36.

37.     State Street states that the fund declarations for its actively managed fixed income funds, which set forth any restrictions on investing in non-investment grade securities, are written and speak for themselves, further states that the performance of certain actively managed fixed income funds that it manages were tracked against a variety of benchmark indices, and otherwise denies the remaining allegations of paragraph numbered 37, and specifically denies the implication that the active fixed income funds that State Street manages were uniformly invested or had the same investment objectives.

38.     State Street denies that the Bond Market Fund in which the Nashua Plan invested experienced 95% exposure to investments in the subprime mortgage sector and denies that more than one actively managed fixed income fund experienced such exposure.  State Street further says that the percentages in the fifth sentence of paragraph numbered 38 come from a written document that speaks for itself, and otherwise denies the remaining allegations of paragraph numbered 38 and specifically denies the implication that the active fixed income funds that State Street manages were uniformly invested or had the same investment objectives.

39.    State Street admits that as of July 31, 2007, the Bond Market Fund and the Lehman Aggregate Bond Index were invested in asset-backed securities comprised of home equity loans in the specified percentages, and otherwise denies the remaining allegations of paragraph numbered 39.

40.    State Street says that the allegations in the second, third, and fourth sentences of paragraph numbered 40 come from a written document that speaks for itself and otherwise denies the remaining allegations of paragraph numbered 40.

41.    State Street says that the quoted statement in the second sentence of paragraph numbered 41 and the allegations in the fourth and fifth sentences come from written documents that speak for themselves.  State Street admits that the Nashua Plan experienced losses of approximately $5.6 million in connection with its investment in the Bond Market Fund and admits that certain active fixed income funds were invested in a manner that some have described as "leveraged," but denies that in the context of portfolio management, financial or "notional" leverage necessarily constitutes a meaningful measure of risk.  State Street otherwise denies the remaining allegations of paragraph numbered 41, and specifically denies that "thousands" of ERISA plans suffered losses in connection with investments in State Street's active fixed income funds as well as the implication that State Street adopted a uniform investment strategy for the various active fixed income funds that it manages.

42.    Denied.

43.    Denied.

44.    State Street repeats and realleges the answers set forth in the foregoing paragraphs as if fully set forth herein.

45-49.   The allegations in paragraphs numbered 45 through 49 constitute legal conclusions to which no answers are required, but to the extent answers are required, denied.

50.      The allegations in the second and third sentences of paragraph numbered 50 constitute legal conclusions to which no answer is required, but to the extent an answer is required, and as to the remaining allegations of paragraph numbered 50, denied.

51-60.  The allegations in paragraphs numbered 51 through 60 constitute legal conclusions to which no answers are required, but to the extent answers are required, denied.

**AFFIRMATIVE DEFENSES**

1.      The Complaint fails to state a claim, in whole or in part, upon which relief can be granted.

2.      The Complaint is barred, in whole or in part, by the doctrines of waiver, laches, and estoppel.

3.      The Complaint is barred, in whole or in part, by the doctrines of unclean hands and *in pari delicto*.

4.      Plaintiffs' claims are barred insofar as they have named the wrong party – State Street Global Advisors, Inc. – as a defendant in this action.

5.      The Complaint is barred, in whole or in part, because plaintiffs are not as a matter of law entitled to the forms of relief they seek in this action.

6.      The Complaint is barred, in whole or in part, because State Street did not breach any duties or obligations it allegedly owed under ERISA or any other applicable law.

7.      The Complaint is barred, in whole or in part, because plaintiffs suffered no damages as a result of State Street's alleged breaches of fiduciary duty.

8.    The Complaint is barred, in whole or in part, because plaintiffs and the putative class members have failed, refused and/or neglected to mitigate or avoid damages they allegedly incurred as a result of State Street's alleged breaches of fiduciary duty.

9.    The Complaint is barred, in whole or in part, because State Street is not liable for the alleged losses of some or all of the putative class members pursuant to ERISA § 404(c).

10.    The Complaint is barred, in whole or in part, because State Street has not received any benefit or enrichment as a result of the alleged breaches.

11.    The Complaint is barred, in whole or in part, because State Street has complied with all disclosure requirements under all applicable laws.

12.    The Complaint is barred, in whole or in part, because plaintiffs did not rely upon State Street's alleged failures to disclose or alleged misrepresentations.

13.    To the extent that plaintiffs challenge discretionary decisions made by State Street, the Complaint is barred, in whole or in part, because State Street committed no abuse of discretion, and its challenged conduct and activities were lawful and appropriate as a matter of law.

14.    To the extent that the Complaint purports to state claims on behalf of a class, the Complaint is barred, in whole or in part, because this action may not properly be maintained as a class action.

15.    To the extent that the Complaint purports to state claims on behalf of a class, the Complaint is barred, in whole or in part, because some or all of the putative class members lack standing to maintain this action.

16.    State Street reserves the right to assert additional affirmative defenses.

Dated: March 28, 2008                    Respectfully Submitted,

                                         ROPES & GRAY LLP

                                         /s/ Jerome C. Katz
                                         Jerome C. Katz
                                         1211 Avenue of the Americas
                                         New York, New York, 10036-8704
                                         Jerome.Katz@ropesgray.com
                                         Tel: 212-841-5700
                                         Fax: 212-841-5725

                                         Harvey J. Wolkoff
                                         Robert A. Skinner
                                         Olivia S. Choe
                                         One International Place
                                         Boston, MA 02110
                                         Harvey.Wolkoff@ropesgray.com
                                         Robert.Skinner@ropesgray.com
                                         Olivia.Choe@ropesgray.com
                                         Tel: 617-951-7000
                                         Fax: 617-951-7050

                                         *Attorneys for Defendants*
                                         *State Street Bank and Trust Company and*
                                         *State Street Global Advisors, Inc.*

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on this 28th day of March, 2008, a true and correct copy of the foregoing Answer of Defendants State Street Bank and Trust Company and State Street Global Advisors, Inc. to Plaintiffs' Amended Class Action Complaint has been filed electronically using the Court's Electronic Case Filing System and, therefore, has been served upon all counsel who are Filing Users pursuant to Fed. R. Civ. P. 5(b)(3), Local Rule 5.2, and the Court's Procedures for Electronic Case Filing (No. 9). A copy of the foregoing Answer of Defendants State Street Bank and Trust Company and State Street Global Advisors, Inc. to Plaintiffs' Amended Class Action Complaint has also been served by U.S. mail upon the following:

> Gretchen Freeman Cappio
> KELLER ROHRBACK LLP
> 1201 Third Avenue
> Suite 3200
> Seattle, WA 98101
>
> Tyler L. Farmer
> KELLER ROHRBACK LLP
> 1201 Third Avenue
> Suite 3200
> Seattle, WA 98101
>
> Gerald H. Silk
> BERNSTEIN LITOWITZ BERGER & GROSSMAN LLP
> 1285 Avenue of the Americas
> New York, NY 10019

> /s/ Olivia S. Choe
> Olivia S. Choe